UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILIP M. SEBOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00353-WTL-WGH |
| ) | |
| LEANN LARIVA Current Warden of F.C.I. ) | |
| Terre Haute, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Philip M. Sebolt, a federal inmate at the Federal Correctional Institution in Terre Haute, Indiana, filed this civil action alleging that his "fundamental right to receive information" has been violated. See i.e., Dkt. 1, p. 8. For the reasons explained below, certain claims shall proceed while other claims are dismissed.

**Background**

Sebolt filed this action to gain access to the Trust Fund Limited Inmate Computer System ("TRULINCS") so that he can receive and read publications (i.e., newsletters) published in, and exclusively delivered through electronic form. Consistent with Bureau of Prison Policy, Sebolt has been denied access to email because he is a sex offender confined in the Communication Management Unit ("CMU") and has a "Walsh Act" designation. Sebolt was placed in the CMU because of the nature of his current conviction (advertising for child pornography) and conduct

and activity while incarcerated including the misuse/abuse of communication methods. *Id.* at p. 8-9. Sebolt contests the policies which restricted his access to TRULINCS.[1]

Prior to his transfer to FCI-Terre Haute, Sebolt was confined at the Federal Correctional Institution in Hopewell, Virginia (FCI-Petersburg). In October 2010, the FCI-Petersburg implemented TRULINCS and initially denied Sebolt access. Sebolt successfully challenged this denial by filing a Request for Administrative Remedy. However, "[s]hortly after plaintiff was granted access to the Electronic Messaging service, Plaintiff was found guilty of an Incident Report and sanctioned to a loss of Electronic Messaging privileges for one year." Dkt. 1, fn. 13.

The complaint further alleges pursuant to Title 28, United States Code, Section 4042(a), that the warden may limit or an deny individual inmate's access to TRULINCS at any time or as part of the classification process.

Sebolt filed this civil action seeking a declaratory judgment, injunctive relief and money damages.

**Standard of Review**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*,

---

[1] Even though Sebolt knew his request to access the TRULINCS program had been denied he took advantage of a one day technical glitch in the system which gave him "unfettered access to the Electronic Messaging service" for approximately four hours. See dkt. 1 at p. 16.

551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

## Discussion

Sebolt's complaint, liberally construed, is understood to allege a First Amendment challenge to the application of a prison policy which restricts his access to TRULINCS. In such a case, the critical question is whether the prison's practice of impeding prisoner access to TRULINCS under the situation presented "is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987). The Supreme Court in *Turner* established a "reasonableness" test to determine whether a prison policy violates inmates' constitutional rights, which requires courts to evaluate: (1) whether there is a valid, rational connection between the prison regulation and the legitimate interest put forth to justify it; (2) whether inmates have an alternative means of exercising the right; (3) the burden on prison resources that would be imposed by accommodating that right; and (4) whether there are alternatives to the regulation that fully accommodate the inmate's rights at de minimis cost to valid penological objectives.

Other Courts who have considered inmates' claims that their constitutional rights were violated by the denial of use of TRULINCS have been rejected summarily. *See Stratton v. Speanek*, No. 14-CV-120-HRW, 2014 WL 6705394, at *3 (E.D. Ky. Nov. 26, 2014) (citing cases and

finding that use of the TRULINCS system is an institutional privilege and not a constitutionally protected right). *Edington v. Warden of FCI Elkton*, No. 4:14CV2397, 2015 WL 1843240, at *4 (N.D. Ohio Apr. 22, 2015) (dismissing *Bivens* claim based on denial of access to TRULINCS at screening).

The allegations in the complaint suggest that the prison policy which restricts Sebolt's access to TRULINCS is reasonable. However, the record has not been developed and this case will not be dismissed by the Court sua sponte. Accordingly, Sebolt's claim that his First Amendment rights have been violated shall proceed as submitted.

### Service of Process

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendant Warden Leann LaRiva. Process shall consist of a summons. Because Sebolt is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

No address has been provided for any of the other defendants. In addition, given the real possibility that all of the defendants are entitled to qualified immunity there is no reason for delaying this action until such time as all defendants are served. The plaintiff should notify the court of the other defendants' addresses or his inability to obtain this information given his incarceration.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 12/18/15

Distribution:

PHILIP M. SEBOLT
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204